IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ROBERT O. HAYDEN,

        Petitioner,    :    Case No. 2:23-cv-1694

- vs -        District Judge Sarah D. Morrison
        Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Chillicothe Correctional Institution[1],

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* under 28 U.S.C. § 2254 to contest revocation of Petitioner's parole (Petition, ECF No. 1).  The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District (Transfer Order, ECF No. 11)

Petitioner pleads one ground for relief, to wit, that he was "denied due process when the Ohio Adult Parole Authority failed to provide him a Final Revocation hearing under the Consent Decree, *Morrissey v. Brewer* 408 U.S 471 [(1972)] the Fourteenth Amendment of Due Process Clause."  *Id.* at PageID 15.

Hayden asserts this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, but jurisdiction in habeas corpus is created by 28 U.S.C. § 2241.  Despite the mistaken citation, the

---

[1] Tim Shoop as Warden of the Chillicothe Correctional Institution maintains custody of Petitioner and is therefore the correct Respondent in this case.  The caption is amended as set forth here.

1

Court does have jurisdiction, which Respondent does not dispute, of the subject matter and personal jurisdiction over the Respondent.

Briefly stated, Hayden was convicted of rape in 1984. He was released on parole, but in 1990 again arrested for rape. Based on his 1990 conviction, the Ohio Adult Parole Authority revoked his parole in 1990 and recommitted him to custody to serve out his two rape sentences consecutively to each other. Respondent documents the seven parole board hearings Hayden has received since then, the most recent being in 2018 (Return, ECF No. 6, PageID 117, citing State Court Record, ECF 5, Exhibit 16, PageID 62).

Respondent raises a number of defenses including lack of exhaustion and that Hayden has received all the constitutionally required hearings. It is not necessary to discuss the merits of each of these, because the Petition is clearly untimely. Hayden's parole was revoked in 1990, but he did not file his Petition in this case until May 22, 2023.[2] Respondent asserts the Petition was filed well outside the applicable one-year statute of limitations adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2244(d).

In his Amended Traverse, Petitioner asserts the AEDPA does not apply, relying on *United States v. Armour*, 402 U.S. 673 (1971). That was a case to enforce the terms of a consent decree from 1920 in the meat packing industry. A consent decree in that case resulted in a permanent injunction and the United States brought an action alleging violation of that injunction. If Armour believed the action was untimely, it could have raised the equitable defense of laches which it did not. Laches is completely separate from the statute of limitations codified in § 2244. *Armour* is completely inapposite. Nothing about the consent decree in *Kellogg v. Shoemaker*, 927 F.Supp.

---

[2] This filing date gives Hayden the benefit of the mailbox rule adopted in *Houston v. Lack*, 487 U.S. 266 (1988)).

244, 247 (S.D. Ohio, 1996), exempts members of the *Kellogg* class from the AEDPA, even assuming Hayden is a member of that class, which Respondent denies.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 22, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

Case: 2:23-cv-01694-SDM-MRM Doc #: 12 Filed: 08/22/24 Page: 4 of 4  PAGEID #: 158